Caruthers, J.,
delivered the opinion of the Court.
On the 1st day of December, 1854, Levy made two *337 promissory notes for $450 each to the plaintiff on time, for a lot on Beal street in Memphis. They were endorsed in blank by defendant Barbiere. The endorsement remained in blank until the maturity of the notes, when they were filled up by the attorney in whose hands they were placed for collection in these words: “Eor value received I undertake to pay the money within mentioned to Joseph Clouston.” He is then sued as a joint promissor with Levy, and so pleads as to raise the question of the authority thus to bind him. It is not pretended that any express authority was ever given by Barbiere to bind him by a special endorsement, but that it is to be inferred from the facts of the case. They are these, as proved by witness Webb: “The agreement at the time” (of the sale of the lot and execution of the deed) “was that Joseph Barbiere, Jr., one of the defendants, was to go Levy’s security; . . . that the notes were not given while he was present; . . he left Clous-ton to close the same. Barbiere was present at the time, and agreed to go Levy’s security. Upon this consideration Clouston agreed to give up any lien upon the property.” As to what the parties meant by the term “security,” is not stated. His name, however, is not signed as joint maker or promissor on the face of the notes, as is usual with sureties, but on the back. Pie would be equally bound in either character, and the only difference would be that, as endorser, demand and notice would be necessary to fix his liability. The fact that the word security was used in the negotiation by the parties, in relation to the character in which he was to be bound on the notes, does not amount to much in ascertaining the real intention, as, in common parlance, *338 the same thing is meant by accommodation endorser and surety. There is in these endorsements as made by Barbiere another strong fact to show that he considered he was to be only bound conditionally, and entitled to notice as an endorser. Why else and for what other purpose would he put “Memphis,” the place of his residence, under his name ? That can only have reference to a rule of the banks, requiring endorsers to give their residence under their names, as a designation of the place of notice. The argument deduced from the fact that a deed was made to the lot, and no lien reserved, can have but little if any weight, as there is no difference, as to the strength of the paper, whether the undertaking is in the one form or the other. It does not by any means follow from the fact proved, that he was to become surety for Levy, that the form of his liability was not to be as endorser, as we find it here. If we had any express agreement to show that when he placed his name upon the back he agreed to be bound as a surety or guarantor, and authorized such a contract to be written over his name, that would make a different case. We see nothing in this case even to authorize the presumption of such a contract, but the facts are against it.
This was clearly negotiable paper, and the blank could only be filled up as a general endorsement, and not a special one in any form, without some additional agreement to that effect, which, as we have seen, does not appear in the proof.
In the case of Comparree vs. Brockway, 11 Humph., 855, this question is so fully discussed, with reference to authorities, that it would be useless here to reiterate *339 the views of this Court. Though there is a conflict of authorities upon questions, that is no longer so with us when we have established a rule for ourselves upon anj given subject. To that extent the law should always be regarded as settled, or there is no progress made in our local system of jurisprudence. The authorities referred to from other States, so far as they conflict with our own, cannot be considered, but it is only upon open questions that they are useful to us. This remark is intended to be general, as it is too often the case that we are carried back into the old authorities, and out into other States, in the discussion of questions which are fully and clearly settled in our own reports.
There is nothing new in this case as to principles which govern it. It can only be regarded as a blank endorsement of commercial paper, and as such could only be filled up with a general endorsement, leaving to the endorser all the advantages and liabilities incident to that character, and none other or different.
Judgment affirmed.